IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
v                                 )          CV NO. 3:03cv212-MHT
                                  )                    WO
CARLTON ALBERT BAKER, JR.         )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This matter is before the court on a motion by federal inmate Albert Baker, Jr. ("Baker"), to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

## I.  PROCEDURAL HISTORY

On August 22, 2001, in accordance with a written plea agreement, Baker pled guilty to one count of conspiracy to manufacture, distribute, or possess with intent to distribute more than 50 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and one count of using or carrying a firearm (a semiautomatic assault weapon) during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(B)(i). On March 15, 2002, the district court entered judgment and sentenced Baker to 87 months in prison for the drug conspiracy with an additional 93-month sentence added for the firearm count, the sentences to run consecutively. Baker did not appeal.

Baker filed this § 2255 motion on February 20, 2003.[1]  In his motion, he asserts that (1) his conviction for violating 18 U.S.C. § 924(c)(1)(B)(i) is unlawful because the count of the indictment charging him with that offense was duplicitous, (2) his guilty plea to that offense was not voluntary and knowing, and (3) he was denied effective assistance of counsel.

The government responds that these claims are without merit and entitle Baker to no relief.  Baker was afforded an opportunity to respond to the government's submissions, and has done so.

## II.  DISCUSSION

### A.    Duplicity

Baker contends that his conviction for violating 18 U.S.C. § 924(c)(1)(B)(i)[2] is

---

[1]Although Baker's motion was stamped "filed" in this court on March 6, 2003, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, February 20, 2003, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]18 U.S.C. § 924(c) provides, in pertinent part:

(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, *during and in relation to* any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime –

(i) be sentenced to a term of imprisonment of not less than 5 years[.]

(continued...)

unlawful because the count of the indictment charging him with that offense and to which he pleaded guilty, Count 3, was duplicitous. *See § 2255 Motion* (Doc. # 1) at 5-5B.

Baker argues that 18 U.S.C. § 924(c)(1) creates two separate and distinct offenses: (1) *using or carrying* a firearm *during and in relation to* a crime of violence or drug trafficking crime, and (2) *possessing* a firearm *in furtherance of* such crime. Count 3 of the indictment, in relevant part, charged that Baker "did unlawfully and knowingly *use, carry, and possess* a firearm, [a semiautomatic assault weapon], *during, in relation to, and in furtherance of* the commission of [a drug trafficking crime]." *See Indictment* (Doc # 1 in Case No. 3:01cr94-MHT) at 2-3 (emphasis added). Baker maintains that Count 3 "wrongfully conjoined" the elements of "the two separate and distinct offenses that are separately set forth in 18 U.S.C. § 924(c)." *See § 2255 Motion* (Doc. # 1) at 5. The result, Baker says, was a duplicitous count, one that failed even to charge a crime under Federal law.[3]

---

[2](...continued)

      ....

    (B) If the firearm possessed by a person convicted of a violation of this subsection –

        (i) is a ... semiautomatic assault weapon, the person shall be sentenced to a term of imprisonment of not less than 10 years[.]

18 U.S.C. § 924(c)(1)(B)(i).

[3]An indictment suffers from a jurisdictional defect when it charges no crime at all. *See McCoy v. United States*, 266 F.3d 1245, 1249 (11th Cir. 2001). "A jurisdictional defect is one that 'strip[s] the court of its power to act and ma[kes] its judgment void.'" *Id.* (citation omitted).

3

"A count in an indictment is duplicitous if it charges two or more 'separate and distinct' offenses." *United States v. Schlei*, 122 F.3d 944, 977 (11th Cir. 1997) (citing *United States v. Burton*, 871 F.2d 1566, 1573 (11th Cir. 1989)).  Duplicitous counts pose three dangers:  (1) a jury may convict a defendant without unanimous agreement on the same offense; (2) a defendant may suffer prejudice in a subsequent double jeopardy defense; and (3) a court may find it difficult to rule on the admissibility of evidence.  *Schlei*, 122 F.3d at 977  (citation omitted).  However, where the language of a statute proscribes several means by which the defendant might have committed a violation, the government may charge the offense conjunctively and satisfy its burden of proof by any one of the means, i.e., disjunctively.  *See United States v. Cornillie*, 92 F.3d 1108, 1110 (11th Cir. 1996); *United States v. Griffin*, 705 F.2d 434, 436 (11th Cir. 1983).  Section 924(c)(1) is an example of such a statute.  *See, e.g., United States v. Lott*, 310 F.3d 1231, 1246-47 (10th Cir. 2002).  Count 3 of the indictment charged Baker with violating § 924(c)(1) in multiple ways.  "An indictment is not duplicitous if, in one count, it charges a defendant with violating [a] statute in [multiple] ways."  *Burton*, *supra*, 871 F.2d at 1574.  Thus, there was no duplicity problem with Count 3 of the indictment.

Moreover, even assuming *arguendo* that Count 3 was duplicitous, defects in an indictment founded in duplicity do not render the indictment void for failure to charge an offense, nor do they constitute jurisdictional errors depriving a court of its power to adjudicate a case.  *See United States v. Moloney*, 287 F.3d 236, 240 (2nd Cir. 2002).  *See also*

*Reno v. United States*, 317 F.2d 499, 502 (5th Cir. 1963) ("Duplicity is not a fatal defect.");

*United States v. Prescott*, 42 F.3d 1165, 1167 (8th Cir. 1994). "'When analyzing challenges

to the sufficiency of an indictment, courts give the indictment a common sense construction,

and its validity is to be determined "by practical, not technical, considerations."'" *United*

*States v. Poirier*, 321 F.3d 1024, 1029 (11th Cir. 2003) (quoting *United States v. Gold*, 743

F.2d 800, 812 (11th Cir. 1984), quoting in turn *United States v. Morano*, 697 F.2d 923, 927

(11th Cir. 1983)). "'Generally, an indictment is sufficient if it:  1) sets forth the elements of

the offense in a manner which fairly informs the defendant of the charge against which he

must defend and 2) enables him to enter a plea which will bar future prosecution for the same

offense.'"  *Poirier*, 321 F.3d at 1028 (quoting *Belt v. United States*, 868 F.2d 1208, 1211

(11th Cir.1989)).

        Under this standard, Count 3 of the indictment was sufficiently clear and valid.  Count

3 plainly listed both the "using or carrying" and the "possession" acts and both the "during

and in relation to" and the "in furtherance of" standards, and made reference to 18 U.S.C.

§ 924(c)(1), which clearly lists the elements of the offense.  The terms of Count 3 together

with the reference to the statute provided the necessary facts.  Therefore, Count 3's

combination of the language of § 924(c)(1) did not render the count fatally defective for

failure to charge an offense.

        This court is aware that the Sixth Circuit, in *United States v. Combs*, 369 F.3d 925 (6th

Cir. 2004), held that § 924(c)(1)'s proscription of "us[ing] or carry[ying]" a firearm "during

and in relation to any crime of violence or drug trafficking crime" is a distinct and separate offense from "possess[ing] a firearm" "in furtherance of any such crime," and that an indictment combining the elements of the two distinct offenses in a single count cannot be construed to charge a crime under Federal law.  *See* 369 F.3d at 934 (quoting *United States v. Pleasant*, 125 F.Supp.2d 173, 178, 180-81 (E.D. Va. 2000)).[4]  However, *Combs* does not constitute binding precedent in this circuit.  This court will follow those circuits that have construed a count that combines the language of § 924(c)(1) to charge the defendant with violating the statute in multiple ways and to validly allege a crime under Federal law.  *See, e.g., United States v. Lott*, 310 F.3d 1231, 1246-47 (10th Cir. 2002) (count of indictment charging that defendant "knowingly carried and possessed a firearm … during and in relation to and in furtherance of a drug trafficking offense" could support a conviction under § 924(c)(1) either for carrying a firearm during and in relation to a drug trafficking offense, or for possessing the firearm in furtherance of the drug trafficking offense).

For the reasons set out above, the court concludes that Baker is not entitled to any relief based on his claim that Count 3 was duplicitous and failed to charge an offense.

**B.     Voluntariness of the Guilty Plea**

Baker contends that his guilty plea under Count 3 for violating 18 U.S.C. § 924(c)(1) was not voluntary and knowing because he did not understand the nature of the charge to

---

[4]In his reply to the government's answer, Baker cites to *United States v. Pleasant*, 125 F.Supp.2d 173, 178, 180-81 (E.D. Va. 2000), which was cited by the Sixth Circuit in *Combs*, in support of his claim.  *See* Doc. # 16 at 3-4.

which he pled guilty.  *See § 2255 Motion* (Doc. # 1) at 5-5A.  Baker states in his § 2255

motion that this claim is "intimately related" to his claim (discussed above) that Count 3 was

duplicitous.  *Id.* at 5.  He argues that because of the manner in which the charge was set forth

in Count 3, "no one, including Movant, could know to what offense, if any, he may have

been attempting to plead guilty, or, as is far more likely, that Movant pleaded guilty to a

count that did not even charge an offense."  *Id.*  The record does not support this claim.

Before accepting a guilty plea, a court must comply with Fed.R.Crim.P. 11, and, in

particular, address three "core concerns" by ensuring that (1) the guilty plea is free from

coercion, (2) the defendant understands the nature of the charge, and (3) the defendant

understands the consequences of his plea. *See United States v. Jones*, 143 F.3d 1417,

1418-19 (11th Cir. 1998); Fed.R.Crim.P. 11.  The nature of a Rule 11 inquiry necessarily

varies from case to case, and "there is no one mechanical or precise juncture to which a

district judge must conform in advising a defendant of the nature of the charges to which he

is pleading guilty."  *United States v. Mosley*, 173 F.3d 1318, 1322 (11th Cir. 1999) (internal

quotations omitted).  The Eleventh Circuit has held that

> [for] simple charges ... a reading of the indictment, followed by an opportunity
> given the defendant to ask questions about it, will usually suffice.  Charges of
> a more complex nature, incorporating esoteric terms or concepts unfamiliar to
> the lay mind, may require more explication.  In cases of extreme complexity,
> an explanation of the elements of the offense like that given the jury in its
> instructions may be required.

*United States v. DePace*, 120 F.3d 233, 237 (11th Cir. 1997) (quoting *United States v.*

*Dayton*, 604, F.2d 931, 938 (5th Cir. 1979)).  In *DePace*, the Court noted that "[t]he crime of

7

using and carrying a handgun during and in relation to drug trafficking is ordinarily a relatively simple charge easily understood by a person of ... relative intelligence and sophistication."  120 F.3d at 237.

During the guilty plea colloquy in this case, the magistrate judge confirmed that Baker had received a copy of the indictment and had discussed it thoroughly with his counsel.  *See Plea Hearing* (Doc. # 10 - Gov. Exh. 1) at 4.  The magistrate judge also verified that Baker had read the plea agreement, reviewed it with his counsel before signing it, and understood its terms.  *Id*. at 4-5.  The magistrate judge then read Count 3 to Baker as set forth in the indictment, i.e., that Baker had "unlawfully and knowingly used, carried and possessed" a semiautomatic weapon "during and in relation to and in furtherance of" a drug trafficking crime.  *Id*. at 9-10.  After Baker affirmed that he understood the charge in Count 3, *id*. at 10, the magistrate judge explained to him the elements of the offense the government would have to prove at trial as follows:

> The government would have to prove beyond a reasonable doubt, first, that you committed the drug trafficking offense of conspiracy to manufacture, distribute or possess with intent to distribute more than 50 grams of methamphetamine charged in the indictment.  Second, that *during and in relation* to the commission of that offense, you *used or carried* a firearm, a semiautomatic assault weapon, as charged, and, third, that you used or carried the firearm knowingly.

*Plea Hearing* at 10-11 (emphasis added).  Thus, the magistrate judge's description of the offense effectively narrowed the charge to indicate that Baker was pleading guilty under the "use or carry ... during and in relation to" prong of § 924(c)(1).  Baker expressly affirmed

8

that he understood these elements of the offense as explained to him by the magistrate judge. *Plea Hearing* at 11.   The magistrate judge's description of the offense during the plea colloquy conformed to the "Elements of the Offense" portion of the written plea agreement, which set forth the elements of Count 3 in nearly identical terms – that is, the plea agreement provided that the elements of offense to which Baker was pleading guilty were those of the "use or carry ... during and in relation to" prong of the statute.   *See Plea Agreement* (Doc. #151 in Case No. 3:01cr94-MHT) at 2-3.   As indicated earlier, before pleading guilty, Baker affirmed that he had reviewed the plea agreement with his counsel and that he understood its terms.   *See Plea Hearing* at 4-5.

In light of the above, the court finds that the record refutes Baker's contention that he did not understand the nature of the charge to which he pled guilty.   Both the plea agreement and the magistrate judge's explanation of the elements of the offense during the plea colloquy gave Baker sufficient notice of the nature of that charge.   Baker stated under oath that he understood the charge.   Accordingly, Baker is not entitled to any relief based on his claim that his guilty plea under Count 3 was not voluntary and knowing.

## C.  Ineffective Assistance of Counsel

### 1.     *Standard of Review*

The Sixth Amendment right to counsel exists to protect the fundamental right to a fair trial.   To prevail on a claim of ineffective assistance of counsel, a movant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v.*

*Washington*, 466 U.S. 668 (1984).  The performance prong requires a movant to establish that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that he failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id*. at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of his counsel prejudiced the defense.  *Id*. at 687.

To succeed on a claim of ineffective assistance, a movant must first establish that his attorney's performance "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.  "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." *Id*.  In other words, criminal defendants have a Sixth Amendment right to "reasonably effective" legal assistance.  *Roe v. Flores-Ortega*, 528 U.S. 470, 476 (2000) (quoting *Strickland*, 466 U.S. at 687).

There is a strong presumption that counsel's performance was reasonable and adequate, and great deference is shown to choices dictated by reasonable trial strategy. *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994); *see Strickland*, 466 U.S. at 689.  Review of an ineffective assistance of counsel claim is conducted from the perspective of defense counsel, based on facts "as they were known to counsel *at the time of the representation*." *United States v. Teague*, 953 F.2d 1525, 1535 (11th Cir. 1992) (emphasis in original); *see Strickland*, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

perspective at that time." *Strickland*, 466 U.S. at 689.

The prejudice component of the *Strickland* test focuses on whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair. *See Strickland*, 466 U.S. at 687. Unreliability or unfairness is not established if counsel's assistance did not deprive the defendant of any constitutionally protected right. *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000).

To establish prejudice, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" *Strickland*, 466 U.S. at 694. A "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "[P]etitioners must affirmatively prove prejudice because '[a]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. [T]hat the errors had some conceivable effect on the outcome of the proceeding' is insufficient to show prejudice." *Gilreath v. Head*, 234 F.3d 547, 551 (11th Cir. 2000) (alteration in original) (quoting *Strickland*, 466 U.S. at 693).

Unless a movant satisfies both prongs of the *Strickland* inquiry, relief should be denied. *Strickland*, 466 U.S. at 687. Accordingly, a court need not "address both components of the inquiry if the [movant] makes an insufficient showing on one." *Id*. at 697. *See, e.g., Duren v. Hopper*, 161 F.3d 655, 660 (11th Cir. 1998) ("if a defendant cannot satisfy the prejudice prong, the court need not address the performance prong").

### 2.     *Claims of Ineffective Assistance*

### a.     **Failure to Challenge the Duplicitous Count**

Baker asserts that his counsel was ineffective insofar as he allowed the prosecution to proceed on, and Baker to plead guilty to, what Baker claims was a duplicitous count that did not charge a crime under Federal law.  *See § 2255 Motion* (Doc. # 1) at 5-5B.  Baker contends that had counsel moved to dismiss Count 3 as duplicitous, the government would have been forced to elect under which prong of 18 U.S.C. § 924(c)(1) it wished to charge him.  *Id*. at 5A.  According to Baker, the government, if forced to elect, could not have marshaled evidence sufficient to obtain a conviction under either prong of the statute.  *Id*.

In Part II.A of this Recommendation, the court rejected Baker's contention that Count 3 of the indictment was duplicitous or that it somehow failed to charge a crime under Federal law.  Furthermore, the record does not support Baker's assertions about the government's supposed inability to establish facts showing that he violated § 924(c)(1).  Matters in the record indicate that on December 10, 2000, Baker and a passenger in the vehicle that Baker was driving were arrested following a traffic stop when law enforcement officers discovered methamphetamine and chemicals and other items for making methamphetamine inside the vehicle; wedged between the front seats of the vehicle at the time Baker was stopped was a semiautomatic assault rifle with a live round in its chamber.  *See Affidavit of Davis B. Whittelsey* (Doc. # 8), Exh. A, "Report of Investigation," at 1-2.  For purposes of § 924(c)(1), "[a] defendant carries a firearm if it is carried directly on his person or carried in his vehicle."

*United States v. Frye*, 402 F.3d 1123, 1128 (11th Cir. 2005).  To prove the "in relation to" requirement of § 924(c)(1), "the government must demonstrate that the firearm had some purpose or effect with respect to the drug trafficking crime; its presence or involvement cannot be the result of accident or coincidence.  The gun at least must facilitate, or have the potential of facilitating, the drug trafficking offense."  *Id.* (quoting *Smith v. United States*, 508 U.S. 223, 238 (1993)) (other citations and internal punctuation omitted).  A reasonable factfinder could have concluded that the firearm in Baker's vehicle facilitated or had the potential to facilitate  a drug trafficking crime.  As this court found in Part II.B of this Recommendation, the record indicates that Baker knowingly pleaded guilty to using or carrying a semiautomatic assault weapon during and in relation to a drug trafficking crime. The record suggests that the government had ample basis for this charge.

For the foregoing reasons, Baker fails to establish that his counsel's performance was deficient or that he suffered any prejudice as a result of counsel's failure to move to dismiss Count 3 as duplicitous.  *See Strickland v. Washington*, *supra*, 466 U.S. at 687-89.  Thus, he is entitled to no relief based on this claim.

### b.    Failure to File a Motion to Suppress

Baker asserts that his counsel rendered ineffective assistance by failing to move to suppress the evidence obtained in the search of his vehicle.  *See § 2255 Motion* (Doc. # 1) at 5A-5B.

Baker does not state with clarity the legal grounds upon which he maintains that a

motion to suppress could have been successful in his case.  In fact, in his reply to the government's answer, he appears to concede that he granted law enforcement officers permission to conduct the search of his vehicle.  *See* Doc. # 16 at 1.  Furthermore, the record indicates that Baker's counsel did file a motion to suppress the evidence obtained in the search of his vehicle, but that counsel dropped this issue when it became apparent that a negotiated plea might be reached and the government's attorney informed counsel that all plea offers would be withdrawn should it become necessary for the government to defend against the allegations contained in the motion to suppress and in other pretrial motions filed by counsel.[5]  *See Affidavit of Davis B. Whittelsey* (Doc. # 8), Exh. 1, at 7-8; *Government's Answer to § 2255 Motion* (Doc. # 10) at 5.  In his affidavit filed with this court, Baker's counsel states that he carefully discussed this matter with Baker.  *See Affidavit of Whittelsey* (Doc. # 8), Exh. 1, at 7-8.  With further regard to this issue, Baker's counsel avers:

> A Preliminary Hearing was conducted in the District Court of Lee County, Alabama, in Case Number DC-00-3939 and 3940 concerning the State charges arising out of the December 10, 2000 traffic stop.  The undersigned attorney represented Baker at said Preliminary Hearing.  Based on the facts and circumstances discovered at the above described Preliminary Hearing, it is the undesigned attorney's firm opinion that the Motion to Suppress filed on behalf of Baker would have been unfavorably received in the United States District Court for the Middle District of Alabama.  I do not believe any of the items allegedly seized pursuant to said stop would have been successfully suppressed.  Additionally, Officer Allan Barton of the Opelika Police Department testified at said Preliminary Hearing that he obtained a signed consent to search form allegedly signed by Baker authorizing the search of the

---

[5]The court notes that it is clear from the record that Baker stood to benefit substantially by entering into the plea agreement.

14

> automobile made the subject of the search.  Of course, if this consent to search
> was knowingly, intelligently, and voluntarily given, then this would have been
> further grounds for the admission of the evidence against Baker at trial.

*Affidavit of Whittelsey* (Doc. # 8), Exh. 1, at 8-9.

In view of the above, Baker fails to establish that his counsel's performance was deficient or that he suffered resulting prejudice with respect to this allegation of ineffective assistance of counsel.  *See Strickland v. Washington*, *supra*, 466 U.S. at 687-89.  Thus, he is entitled to no relief based on this claim.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Baker be denied, as the claims therein entitle him to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before February 16, 2006.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of*

*Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 3rd day of February, 2006.


/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE